WILLIAM H. CRITTENDEN & others *vs.* HARBRON ROGERS.

An unrecorded certificate of an entry to foreclose a mortgage, made before the Rev. Sts., in the presence of two witnesses, is competent evidence of the foreclosure, if supported by the testimony of the witnesses that after the entry certain papers were executed by the parties, and that their names upon the certificate are in their handwriting, and must have been written by them, although they have no recollection what the papers were, or that they signed any papers.

A quitclaim deed to one of two mortgagors, from a mortgagee who has foreclosed his mortgage, in consideration of the payment of a sum equal to the original mortgage debt, is not sufficient evidence of an opening of the foreclosure to revest the title in the mortgagors.

WRIT OF ENTRY by the heirs at law of Mary Alexander,. wife of David Alexander, to recover land in New Marlborough. Plea, nul disseisin.

At the trial before *Bigelow*, J., it appeared that the land once belonged to Mary Alexander in her right. The tenant put in evidence two joint mortgages from David and Mary Alexander to Daniel Williams; and offered evidence which tended to show that said Williams on the 9th of October 1834 entered upon the premises and took open and peaceable possession thereof, in presence of two witnesses, for condition broken and for the purpose of foreclosure, and continued in actual possession thereof until the 4th of October 1838. The two witnesses in whose presence the entry for foreclosure was alleged to have been made, testified " that, after the entry was made, and on the same day, they went with Daniel Williams and David Alexander, to the office of an attorney, where certain writings were made and executed by the parties; that they did not remember what said writings were, nor that they witnessed them." They were then shown a paper, dated October 9th 1834, certifying that Daniel Williams had that day entered upon the mortgaged premises, and that David and Mary Alexander had delivered peaceable possession thereof to him, for condition broken, and for the purpose of foreclosing this mortgage, and signed and sealed by David Alexander; to which was added, " Possession delivered and received on the day and year aforesaid in presence of us,"

with the names of the two witnesses. And they then testified that " their names thereto appended were in their handwriting, and must have been written by them, but they had no recollection of having signed the paper." The tenant then offered the paper in evidence; and it was admitted, against the demandants' objection.

It further appeared that on the 4th of October 1838 Daniel Williams released and conveyed the demanded premises to David Alexander alone; and he, on the 1st of December 1852, by a deed containing full covenants of warranty, conveyed the same to one of the demandants, who on the 12th of April 1853, by a deed containing full covenants of warranty, conveyed the same, his wife releasing her dower therein, to the tenant.

Upon this evidence the tenant contended that, if the mortgage was foreclosed by an entry on the 9th of October 1834, and a subsequent possession of upwards of three years, the whole title became vested in Daniel Williams, who, by his deed of October 1838, conveyed it to David Alexander, from whom, by mesne conveyance, it had become vested in the tenant.

The demandants called a witness to prove that, on the 1st of October 1838, when Williams conveyed to David Alexander, the latter paid to Williams the full amount of the debt for which the land had been originally mortgaged, and that this was the consideration of the release then made by Williams to him. The demandants contended, on this evidence, that the right of the wife, Mary Alexander, was revived by this payment, and that the release to David Alexander did not convey the whole estate to him. But the judge ruled otherwise.

The question whether there was an entry and possession of the premises by the mortgagee, Daniel Williams, on the 9th of October 1834, duly made and continued for three years, according to the law as it then existed, was submitted to the jury with instructions to which no exception was taken; and they were directed, if they found such entry and possession, to return a verdict for the tenant. The jury found for the tenant, and the case was reserved for the consideration of the full court.

*J. E. Field & B. Palmer*, for the demandant. 1. The certificate

of foreclosure should not have been permitted to go to the jury. No such certificate was required by law at that time. The paper was not so identified by the witnesses as to bring it within the case of *Smith* v. *Johns*, 3 Gray, 517 ; for it was not written by them ; they had no recollection of signing it, or any other paper ; and it was not brought home to the knowledge of Mrs. Alexander.

2. If the foreclosure was sufficient, the legal effect of the payment of the mortgage debt by one of the mortgagors, and taking a quitclaim deed from the mortgagee, more than three years afterwards, was to revest in the mortgagors the same title which they had at the time of making the mortgage. *Kinley* v. *Hill*, 4 W. & S. 426. *Perkins* v. *Dibble*, 10 Ohio, 433.

*I. Sumner*, for the tenant.

SHAW, C. J. 1. The court are of opinion that the directions were right, and that the verdict must stand. The certificate of entry to foreclose, verified as it was by the witnesses, was competent. If no certificate was at that time required to be made and signed by the witnesses, yet there was nothing to prohibit the proof being made in this form. The fact of entry constituted the commencement of the time of foreclosure, by statute, to be proved by any competent evidence. Now, when a witness, purporting to be an attesting witness, admits his handwriting to be genuine, and knows he would not have put it there but to verify the facts stated ; this is evidence competent to go to the jury, and, if uncontrolled by other evidence, sufficient to warrant them in finding the fact of entry proved.

2. This being a good entry to foreclose, the foreclosure became complete and the estate absolute in the mortgagee at the expiration of three years, and enabled him to give a good title in fee to the purchaser. The fact that this was given to one of those, who, before foreclosure, had a right to redeem, and for the sum to which the mortgage would have amounted, of itself affords no presumption that this transaction was a redemption, which would let in his former joint owner of the right of redemption ; and cannot, without other proof, control the character and legal effect of the deed. The privity between this purchaser

and the other owner of the right of redemption had ceased by the actual foreclosure. And the grantee, taking a deed to his own use, had as good a right so to purchase as a stranger.

*Judgment on the verdict.*